IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                         Case No. 08-10004-01-JTM

ESMERELDA VILLA,

          Defendant.

**MEMORANDUM AND ORDER**

Presently before the court is Esmerelda Villa's motion to suppress (Dkt. No. 12). The court conducted a full hearing on the motion on July 2, 2008, and took the matter under advisement. After the hearing, Ms. Villa filed a supplement to the motion to suppress (Dkt. No. 24), and the government responded (Dkt. No. 26). After considering the evidence presented, the court denies the motion.

**I. Findings of Fact**

On September 7, 2007, Kansas State Trooper Charles Boydston stopped Ms. Villa for speeding. Once stopped, Ms. Villa admitted that her driver's license was suspended, and informed Officer Boydston that her cousin, who was not with her, had rented the car she was driving. Trooper Boydston arrested Ms. Villa for driving on a suspended license, and asked passenger Abdwan Tonole Conway to drive the car to the Phillips County Sheriff's Department. While Ms. Villa was being processed, Sheriff's Deputy Nathan Mathes led a drug dog around the rental car.

The primary factual dispute is whether the dog alerted to the presence of drugs. Deputies Mathes and Schumacher, who were present while the drug dog was being led around the car, testified that the dog alerted to the presence of drugs at the driver's side door by barking, biting, and scratching. Conversely, Michael Phy, an inmate at the Phillips County Jail who was on work release and doing his laundry that day, testified that he witnessed the incident and did not see the dog alert. Mr. Phy later conceded, however, that he was only able to see the front quarter panel of the driver's side of the car.

After the drug dog's alert, Deputy Mathes returned the dog to his car while Deputy Schumacher requested the keys to the car. Upon receiving the keys, Deputy Mathes searched the car, and found a laundry hamper in the backseat behind the driver's seat. Inside the hamper, below Ms. Villa's dirty laundry, he found a blue duffle bag, which contained cocaine. Ms. Villa denied knowledge of the cocaine, but eventually admitted that the laundry was hers.

## II.  Legal Standard

**A. Standing**

Before considering the motion to suppress on the merits, it is first necessary to determine whether Ms. Villa has standing to challenge the search of the car or the laundry hamper. Ms. Villa conceded that she lacks standing to challenge the search of the car because she was not the owner and did not have a possessory interest in it. *See United States v. Roper*, 918 F.2d 885, 887-88 (holding that the defendant did not have standing to challenge the search of the rental car he was driving because he was not the owner and did not have lawful possession of the car). Nonetheless, Ms. Villa contends that she does have standing to challenge the search of the container located inside the car. *See United States v. Edwards*, 242 F.3d 928, 936 (10th Cir.

2001) (internal citations omitted).  To determine whether a person has standing to challenge a search of a container, a court must decide "whether the defendant manifested a subjective expectation of privacy in the area searched and whether society would recognize that expectation as objectively reasonable."  *Id*.  Factors to be considered in making that determination include ownership, location, and use  of the container.  *See, e.g., United States v. Worthon v.* 520 F.3d 1173, 1182 (10th Cir. 2008).

Ms. Villa acknowledged that the laundry hamper belonged to her; it was full of her dirty clothes and was being used to transport her personal belongings during her travels.  *See Edwards*, 242 F.3d at 937-38.  However, although not dispositive, the location of the laundry hamper in the back seat, rather than the trunk, diminishes Ms. Villa's expectation of privacy.  *See Worthon*, 520 F.3d at 1182.  Nevertheless, because the hamper belonged to Ms. Villa, contained her personal items, and was being used to carry these items while traveling, she has demonstrated a subjective expectation of privacy and one that society would recognize as objectively reasonable.  As such, Ms. Villa has standing to contest the search of the laundry hamper.

**B.  Exception to the Warrant Requirement – The Automobile Exception**

Once a defendant challenges a warrantless search, the prosecution must prove that an exception to the warrant requirement applies.  *United States v. Maestas*, 2 F.3d 1485, 1491 (10th Cir.1993).  The government argues that the warrantless search of Ms. Villa's car and hamper was justified because of the automobile exception, which allows police officers to search a vehicle and containers in the vehicle which may contain contraband without a warrant when they have probable cause to believe that contraband is located inside of it.  *United States v. Ross*, 456 U.S. 798, 823, 825 (1982).  An alert of a drug dog is sufficient to establish probable cause if the dog in

question is trained to detect narcotics. *United States v. Rosborough*, 366 F.3d 1145, 1151 (10th Cir. 2004). The training of the dog and the annual certification establish the reliability of the canine. *United States v. Kennedy*, 131 F.3d 1371, 1378 (10th Cir. 1997).

In this case, the drug dog completed certification in May 2005 and 2006, and in June 2007. At the time of the alert in this case, on September 7, 2007, the dog was fully trained and certified to detect narcotics. Further, although the handler testified that the dog received only a fifty-percent success rate in properly alerting narcotics, he later noted that in ninety-nine percent of cases where a search failed to produce drugs after an alert, the subjects of the searches admitted that the area had previously contained drugs. As such, the reliability of the dog is sufficient, and his alert established probable cause to search the vehicle. Further, because Mr. Phy testified that he could not see the entire vehicle, his testimony that he did not see the dog alert is not entirely credible.

Because the officers did not need probable cause to conduct a canine sniff, and because the dog alerted to drugs, probable cause existed to search the vehicle. Further, because the automobile exception to the warrant requirement applies in this situation, the officers were justified in searching the vehicle and thus, Ms. Villa's motion to suppress is denied.

IT IS THEREFORE ORDERED that Esmerelda Villa's motion to suppress (Dkt. No. 12) is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE